### Ezra Whitmarsh *vs.* Charter Oak Fire Insurance Company.

A policy of insurance upon a building occupied as a provision and grocery store, which contains a stipulation that, in case the premises shall be used for the purpose of keeping therein any of the articles denominated hazardous or extra hazardous, in the terms and conditions annexed to the policy, the policy shall cease and be of no force or effect, is rendered void by keeping therein oil, sulphur and matches, if those articles are enumerated in a table of hazards annexed to the policy as hazardous and extra hazardous.

Contract on a policy of insurance, by which the defendants insured the plaintiff in the sum of $1200, " on his two-story

**49 \***

frame building, occupied by the assured as a provision and grocery store." The policy contained a stipulation that, in case the premises should be used "for the purpose of depositing, keeping or storing therein any of the articles, goods or merchandise in the same terms and conditions (annexed) denominated hazardous, extra hazardous, or included in the memorandum of special hazards, except as herein specially provided for," the policy should cease and be of no force or effect. Permission was granted in the policy "to keep and sell burning-fluid; also gunpowder, according to law;" but no other articles were specially mentioned. A table of "Classes of Hazards" was annexed to the policy, in which oil and sulphur were enumerated as hazardous, and matches as extra hazardous. It was agreed that at and before the time of the fire, by which the plaintiff's building was destroyed, his stock of goods therein included, amongst other articles, thirty five gallons of oil, thirty five pounds of sulphur, and five gross of matches. The case was submitted upon these and other facts, not material to be stated here, for the determination of the court; and, in the superior court, judgment was ordered for the defendants, and the plaintiff appealed.

This case was argued in writing, and decided in June 1861.

*B. W. Harris*, for the plaintiff.

*H. Gray, Jr.* for the defendants.

BIGELOW, C. J. The facts agreed by the parties bring this case within recent decisions of this court, which were fully and maturely considered. *Lee* v. *Howard Ins. Co.* 3 Gray, 592. *Macomber* v. *Howard Ins. Co.* 7 Gray, 257, 260. The policy declared on contains a stipulation that it shall cease and be of no force or effect if the assured shall keep on the premises any of the articles, goods, wares or merchandise denominated hazardous or extra hazardous, or included among the special hazards enumerated in the memorandum annexed to the policy. It is admitted that oil and sulphur, which are expressly named as hazardous articles, and matches, which are deemed extra hazardous, and all of which subject the building and its contents to an increased rate of premium, were kept on the

premises at the time of the fire. This was a clear violation of the stipulation in the contract of insurance, and put an end to it *ex vi termini.*

It is urged in behalf of the plaintiff that the general description in the application and policy of the purpose for which the building was occupied, " as a provision and grocery store," gives the right by implication to keep these hazardous and extra hazardous articles, as a part of the stock appertaining to such business. But there are two difficulties in the way of adopting such an interpretation of the contract, which are insurmountable. In the first place, it militates with the clear and unambiguous terms of the agreement. Hazardous and extra hazardous articles are expressly prohibited, " if not specially provided for." In the face of this language, it is impossible to hold that a general description of the building and the purpose for which it is occupied will allow the assured to keep articles of a dangerous and inflammable nature, which are not necessarily comprehended within a fair and reasonable *interpretation* of the general words used. In the next place, we cannot know judicially, in the absence of any proof or agreement of the parties, that such articles as oil, sulphur and matches are usually or properly kept in stores occupied for the sale of groceries and provisions.                    *Judgment for the defendants.*